IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

DONALD HINTON,

Petitioner/Defendant,

v.                                              Civil No. 96-cv-860-DRH

UNITED STATES OF AMERICA,                       Criminal No. 93-cr-30136-DRH

Respondent/Plaintiff.

### ORDER

**HERNDON, District Judge:**

This matter comes before the Court on Petitioner Donald Hinton's motion for reconsideration of Judge William L. Beatty's order issued October 22, 1997 (Doc. 13) denying Petitioner's motion to vacate, correct, or set aside his conviction pursuant to **28 U.S.C. § 2255** (Doc. 1). The basis for Petitioner's motion is that the judgment in this matter is void and therefore he should be granted relief pursuant to **FEDERAL RULE OF CIVIL PROCEDURE 60(b)(4)**.

Motions to reconsider "are left subject to the complete power of the court rendering them," should be granted "as justice requires," **FED. R. CIV. P. 60 advisory committee's notes**, and must be "consonant with equity." *John Simmons Co. v. Grier Brothers*, 258 U.S. 82, 90-91 (1922). *See also* 12 JAMES WM.

**MOORE ET AL., MOORE'S FEDERAL PRACTICE ¶ 60App.108[2] (3d ed. 2004)**.  Such motions "serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." *Caisse Nationale de Credit Agricole v. CBI Indus., Inc.*, **90 F.3d 1264, 1269 (7th Cir. 1996)** (quoting *Keene Corp. v. Int'l Fidelity Ins. Co.*, **561 F. Supp. 656, 665 (N.D. Ill. 1982)**, *aff'd*, **736 F.2d 388 (7th Cir. 1984)**).  "Reconsideration is not an appropriate forum for rehashing previously rejected arguments or arguing matters that could have been heard during the pendency of the previous motion." *Caisse Nationale de Credit Agricole*, **90 F.3d at 1270**.

This motion requests reconsideration of an order entered nearly ten years ago.  It would be an understatement to say that the motion is untimely.  While Petitioner is correct that a motion for reconsideration filed under **Rule 60(b)(4)** is not subject to the strict one-year time limit, it still must be filed within a "reasonable time." **FED. R. CIV. P. 60(b)**.  Furthermore, the Court notes that even if Petitioner's motion were timely, it would still fail upon the merits.[1]  The Court remains unpersuaded by Petitioner's arguments.  Furthermore, to the extent Petitioner's motion contains new arguments, those arguments could have been previously asserted and are improper at this juncture. *Caisse Nationale de Credit Agricole*, **90 F.3d at 1270**.

---

[1] In fact, this is not the first motion for reconsideration filed by Petitioner.  On October 15, 1998, Petitioner filed a **Rule 60(b)** motion (Doc. 21); this motion was subsequently denied (Doc. 22).

Accordingly, the Court **DENIES** Petitioner's motion for reconsideration.

**IT IS SO ORDERED.**

Signed this 2nd day of May, 2007.

/s/       David   RHerndon
**United States District Judge**
