IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**DONALD HINTON,**

**Petitioner/Defendant,**

v.                                                   **Civil No. 96-cv-860-DRH**

**UNITED STATES OF AMERICA,**              **Criminal No. 93-cr-30136-DRH**

**Respondent/Plaintiff.**

## ORDER

**HERNDON, District Judge:**

Now before the Court is Petitioner's motion for leave to appeal in forma pauperis (Doc. 35) and Petitioner's motion for certificate of appealability (Doc. 38). Petitioner seeks to appeal this Court's May 2, 2007 Order (Doc. 31) denying Petitioner's motion to reconsider (Doc. 29) an order issued October 22, 1997 (Doc. 13) denying Petitioner's motion to vacate, correct, or set aside his conviction pursuant to **28 U.S.C. § 2255** (Doc. 1). Pursuant to **28 U.S.C. § 2253** the Petitioner may not proceed on appeal without a certificate of appealability. **Section 2253(c)(2)** provides that a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." Further, **§ 2253(c)(3)** provides that the "certificate of appealability under paragraph (1) shall indicate which

specific issue or issues satisfy the showing required by paragraph (2)."

Petitioner raises two questions for appeal: 1) Whether the district court abused its discretion by procedurally ruling that the petitioner's motion was untimely? and 2) Whether the district court erred in its determination that the petitioner asserted new arguments that could have been previously raised?  As an initial matter, the Court notes that the grounds for denial of Petitioner's motion for reconsideration (Doc. 29) stated in its May 2, 2007 Order (Doc. 31) were incorrect. The Court mistakenly treated Petitioner's motion (Doc. 29) as a motion to reconsider, rather than a second or successive petition for relief as it should have been treated. Because Petitioner has previously filed a habeas action in this matter, and has not received leave from the Court of Appeals to file a second or successive petition on any matters previously raised, this Court was without jurisdiction to consider Petitioner's motion. Under **28 U.S.C. § 2255**, "a second or successive motion must be certified as provided in section 2244 by a panel of the . . .court of appeals. . . ."  Accordingly, this Court should have dismissed Petitioner's motion for lack of jurisdiction; likewise, a certificate of appealability would not be appropriate in this instance.

In addition to the foregoing reasons, the Court also finds that neither of the two questions presented in Petitioner's motion for certificate of appealability (Doc. 38), nor Petitioner's discussion of the issues contained therein, suggests or adequately demonstrates the denial of a constitutional right as required by **28 U.S.C. § 2253(c)(2)**.  Therefore, even proceeding based on the Court's May 2, 2007 Order,

which the Court acknowledges contains errors, Petitioner's motion requesting a certificate of appealability (Doc. 38) is **DENIED**.  Petitioner's motion for leave to appeal in forma pauperis (Doc. 35) is, therefore, **MOOT**.

    **IT IS SO ORDERED.**

    Signed this 12th day of July, 2007.

/s/      David  RHerndon
**United States District Judge**
